1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ALBERT D. SEENO, et al.,

    Plaintiffs,

    v.

DISCOVERY BUILDERS, INC., et al.,

    Defendants.

Case No.  5:23-cv-04072-EJD

**ORDER GRANTING MOTION TO DISMISS**

Re: Dkt. No. 21

Plaintiffs Albert D. Seeno, Jr. ("Seeno") and Albert D. Seeno Construction Co. ("Seeno Construction") (collectively, "Plaintiffs") bring claims for trademark infringement and false designation of origin under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*, against Defendants Discovery Builders, Inc., ("Discovery Builders"), Discovery Realty, Inc. ("Discovery Realty"), and Seeno Homes, Inc. ("Seeno Homes") (collectively, "Defendants").  Compl., ECF No. 1.

Before the Court is Defendants' motion to dismiss.  Mot. to Dismiss ("Mot."), ECF No. 21. Plaintiffs filed an opposition, and Defendants filed a reply.  Pls.' Opp'n to Mot. ("Opp'n"), ECF No. 28; Defs.' Reply in Supp. of Mot. ("Reply"), ECF No. 30.  The Court heard oral arguments from the Parties on February 6, 2024, and took the matter under submission.  ECF No. 40.  For the following reasons, the Court **GRANTS** Defendants' motion to dismiss with leave to amend.

## I.    BACKGROUND

This case arises from a dispute between competing family businesses in the construction and real estate industries regarding the use of three trademarks (collectively, the "Marks").

### A.    Parties

Seeno is an individual residing in Contra Costa County, California.  *Id.* ¶ 1.  He is a

shareholder and Managing General Partner of Seeno Construction, a California limited partnership formed in 1960, which was passed down to Seeno from his father.  *Id.*  ¶¶ 1–2.

Seeno is the father of Albert D. Seeno, III ("Seeno III").  Seeno III is the owner of Defendant companies Discovery Builders, Discovery Realty, and Seeno Homes, all of which are California corporations with their principal places of business in Contra Costa County.  *Id.* ¶¶ 3–5, 16.  Discovery Builders is a construction management company formed in 1998.  *Id.* ¶ 16. Discovery Realty is a real estate brokerage company formed in 2005.  *Id.* ¶ 17.  Plaintiffs allege no facts describing Seeno Homes other than that it was formed in 2019.  *Id.* ¶ 18.

### B.  Factual Background

Plaintiffs allege that they are the owners of three trademarks (collectively, the "Marks"), one of which is registered and two of which are unregistered.  *Id.* ¶ 12.

Plaintiffs allege that Seeno Construction is the owner of one registered service mark, "Seeno Homes" ("Seeno Homes Mark"), which was registered with the United States Patent and Trademark Office ("USPTO") in 1997 and with the California Secretary of State in 2003.  *Id.* ¶ 14. Prior to its registration, Plaintiffs allege that the Seeno Homes Mark had been in use by Seeno Construction since at least 1993.  *Id.*  Seeno Construction has also allegedly used the Seeno Homes Mark as its registered fictitious business name.  *Id.*

Plaintiffs also allege to own two additional unregistered Marks, both of which Seeno filed an application to register with the USPTO on April 1, 2022:

(1) a service mark and associated logo, "Seenohomes Building since 1938" ("1938 Mark"), which has been used by Seeno Construction since at least 2008; and

(2) a service mark, "Albert D. Seeno Construction Co." ("ADSCC Mark"), which has been used by both Seeno Construction and Seeno in an individual capacity since at least 1960.  *Id.* ¶ 13.

It appears that Plaintiffs and Defendants at one point had a positive working relationship. *See id.* ¶ 20.  Since approximately 2004, Discovery Builders provided construction management services to some of Plaintiffs' projects, as well as developing and constructing its own independent

United States District Court
Northern District of California

1   real estate projects.  *Id.* ¶ 16.  Discovery Builders also managed Plaintiffs' website,

2   seenohomes.com, as well as maintaining its own separate website, discoveryhomes.com.  *Id.* ¶ 20.

3   Both websites had links to the other's website.  *Id.*  This relationship seems to have broken down

4   about four years ago.  *Id.* ¶ 21.

5        Plaintiffs allege that approximately four years ago, and presently, Discovery Builders used its

6   control over the seenohomes.com website to automatically re-direct users to discoveryhomes.com.

7   *Id.*  Also beginning approximately four years ago, and presently, Plaintiffs allege that the

8   discoveryhomes.com website maintains the 1938 Mark on its home page, as well as lists the Seeno

9   Homes Mark and ADSCC Mark on its About page and Terms and Conditions page.  *Id.* ¶ 23.

10        Plaintiffs also allege that the 1938 Mark and Seeno Homes Mark were impermissibly used

11   on various social media accounts, although Plaintiffs do not allege when this unauthorized use

12   began.  For example, the 1938 Mark and Seeno Homes Mark has appeared on a  YouTube channel

13   with the username "@DiscoverySeeno," which Plaintiffs believe to be owned by Defendants.  *Id.* ¶

14   28.  The 1938 Mark and Seeno Homes Mark has also appeared on an Instagram feed with the

15   username "discoveryseenohomes," which Plaintiffs believe to be owned by Defendants.  *Id.* ¶¶ 31,

16   32.  Finally, the 1938 Mark has appeared on a Facebook page with the username "Discovery and

17   Seeno Homes," which Plaintiffs believe to be owned by Defendants.  *Id.* ¶ 36.

18        Plaintiffs also allege that, at times, content on discoveryhomes.com, the YouTube channel,

19   the Instagram, and the Facebook page would blur the lines of the Seeno Construction[1] and all three

20   Defendant companies, by referring to them collectively and using the phrases "we," "us," "our,"

21   etc.  *Id.* ¶¶ 23–26.  Plaintiffs allege that this conduct confuses the public and abuses Plaintiffs' good

22   business reputation.  *Id.*

23        Plaintiffs allege that the conduct described above gives rise to three causes of action: (1)

24   trademark infringement under the Lanham Act by Plaintiffs against all Defendants; (2) false

25   

26   [1] Notably, Plaintiff Seeno Construction is not named on these social media accounts.  Instead,
    Plaintiffs appear to allege that referring to Defendant Seeno Homes's corporate name in the social
27   media account creates confusion because the Seeno Homes Mark has been used by Plaintiffs on
    their website and as their fictitious business name.

28   Case No.: 5:23-cv-04072-EJD
    ORDER GRANTING MOTION TO DISMISS

1    designation of origin under the Lanham Act by Plaintiffs against all Defendants; and (3) false

2    designation of origin under the Lanham Act by Seeno Construction against Seeno Homes.  *Id.* ¶¶

3    40–62.

4    **II.     LEGAL STANDARD**

5          A complaint must contain "a short and plain statement of the claim showing that the pleader

6    is entitled to relief."  Fed. Rule Civ. Pro. 8(a)(2).  A defendant may move to dismiss a complaint

7    for failing to state a claim upon which relief can be granted under Rule 12(b)(6).  When deciding

8    whether to grant a motion to dismiss under Rule 12(b)(6), the court must generally accept as true

9    all "well-pleaded factual allegations."  *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009).  While a

10   plaintiff need not offer detailed factual allegations to meet this standard, she is required to offer

11   "sufficient factual matter . . . 'to state a claim to relief that is plausible on its face.'"  *Id.* at 678

12   (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The court must construe the

13   alleged facts in the light most favorable to the plaintiff.  *See Retail Prop. Trust v. United Bd. of*

14   *Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014) ("[The court] must accept as true

15   all factual allegations in the complaint and draw all reasonable inferences in favor of the

16   nonmoving party.").  However, "courts are not bound to accept as true a legal conclusion couched

17   as a factual allegation."  *Iqbal*, 556 U.S. at 678.

18          If the court concludes that a 12(b)(6) motion should be granted, the "court should grant

19   leave to amend even if no request to amend the pleading was made, unless it determines that the

20   pleading could not possibly be cured by the allegation of other facts."  *Lopez v. Smith*, 203 F.3d

21   1122, 1127 (9th Cir. 2000) (en banc) (quotation omitted).

22   **III.    DISCUSSION**

23          Defendants move to dismiss Plaintiffs' complaint on three grounds: (1) Plaintiffs failed to

24   plead statutory standing; (2) Plaintiffs impermissibly lumped together all Defendants; and (3)

25   Plaintiffs failed to plead facts sufficient to state their claims.  The Court will address each in turn.

26         **A.     Standing**

27          First, Defendants argue that Plaintiffs failed to plead statutory standing under the Lanham

1    Act for both the unregistered and registered trademarks.  *See* Mot. 5–10.

2          "To establish standing to sue for trademark infringement under the Lanham Act, a plaintiff

3    must show that he or she is either (1) the owner of a federal mark registration, (2) the owner of an

4    unregistered mark, or (3) a nonowner with a cognizable interest in the allegedly infringed

5    trademark." *Halicki Films, LLC v. Sanderson Sales & Mktg.*, 547 F.3d 1213, 1225 (9th Cir. 2008).

6                        **1.    Registered Mark: Seeno Homes**

7          The registration of a mark is "prima facie evidence . . . of the registrant's ownership of the

8    mark."  15 U.S.C. § 1115(a); *see also Sebastian Brown Prods., LLC v. Muzooka, Inc.*, 143 F. Supp.

9    3d 1026, 1039–40 (N.D. Cal. 2015).

10          Here, Plaintiffs allege that Seeno Construction is the owner of the Seeno Homes Mark,

11    which was registered with the USPTO in 1997 and with the California Secretary of State in 2003.

12    Compl. ¶ 14.  The Court finds that this is sufficient to plead statutory standing at this stage.

13          The Court finds Defendants' arguments to the contrary unpersuasive.  Defendants argue that

14    Plaintiffs have failed to plead ownership of the Seeno Homes Mark because the Seeno Homes

15    Mark lacks inherent distinctiveness and there are no allegations of the services associated with the

16    mark.  *Id.* at 8–10.  However, Defendants have failed to provide the Court with any authority to

17    support their argument that pleading inherent distinctiveness or associated services are required to

18    plead ownership for purposes of statutory standing.  *See id.*  On the contrary, the cases Defendants

19    cite do not discuss these elements in the context of standing whatsoever.  *See, e.g., Jack Daniel's*

20    *Properties, Inc. v. VIP Prod. LLC*, 599 U.S. 140 (2023) (no discussion of standing); *Comedy III*

21    *Prods., Inc. v. New Line Cinema*, 200 F.3d 593, 594 (9th Cir. 2000), *as amended on denial of reh'g*

22    *and reh'g en banc* (Feb. 4, 2000) (same); *E. & J. Gallo Winery v. Gallo Cattle Co*., 967 F.2d 1280,

23    1293 (9th Cir. 1992) (same); *Paul Frank Indus., Inc. v. Sunich*, 502 F. Supp. 2d 1094, 1098 (C.D.

24    Cal. 2007) (same); *Golden Eye Media USA, Inc. v. Trolley Bags UK Ltd.*, 525 F. Supp. 3d 1145,

25    1221 (S.D. Cal. 2021), *aff'd sub nom. Golden Eye Media USA, Inc. v. Evo Lifestyle Prod. Ltd.*, No.

26    2021-2096, 2022 WL 2232517 (Fed. Cir. June 22, 2022) (no discussion of standing specifically

27    regarding trademark infringement claim).  Thus, in the absence of authority to suggest otherwise,

28    Case No.: 5:23-cv-04072-EJD

United States District Court
Northern District of California

1  the Court declines Defendants' invitation to read inherent distinctiveness and associated services

2  into the requirement to plead ownership for the purposes of statutory standing.

3  **2.      Unregistered Marks: 1938 Mark and ADSCC Mark**

4          It is not necessary that a trademark be registered to qualify for protection under the Lanham

5  Act; however, without registration, a mark does not receive the prima facie presumption of validity

6  from which registered marks benefit.  *EVO Brands, LLC v. Al Khalifa Grp. LLC*, 657 F. Supp. 3d

7  1312, 1325 (C.D. Cal. 2023) (citing *New W. Corp. v. NYM Co. of California*, 595 F.2d 1194, 1198

8  (9th Cir. 1979) and *Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp.*, 174 F.3d 1036, 1047 (9th

9  Cir. 1999)).  Instead, a party claiming an unregistered trademark must allege sufficient facts to

10  support their assertion that it has a valid ownership interest in the mark.  *Sebastian Brown Prods.,*

11  *LLC v. Muzooka, Inc.*, 143 F. Supp. 3d 1026, 1041 (N.D. Cal. 2015).

12          An ownership interest in unregistered trademarks is demonstrated through priority of use

13  and continuous use.  *Id.* at 1039 (citing *Sengoku Works Ltd. v. RMC Int'l, Ltd.*, 96 F.3d 1217, 1219

14  (9th Cir.1996) ("It is axiomatic in trademark law that the standard test of ownership is priority of

15  use."); *Airs Aromatics, LLC v. Hakim*, 556 F. App'x 622, 623 (9th Cir. 2014) ("To establish a

16  protectable ownership interest in a common law trademark, the owner must 'establish not only that

17  he or she used the mark before the mark was registered, but also that such use has continued to the

18  present.'") (quoting *Watec Co., Ltd. v. Liu*, 403 F.3d 645, 654 (9th Cir. 2005)).  In other words, a

19  plaintiff must allege that they used the mark in commerce before the defendant and have continued

20  use to this day.  *See EVO Brands*, 657 F. Supp. 3d at 1325.

21          Here, Plaintiffs allege that the 1938 Mark has been used by Seeno Construction since at

22  least 2008, and the ADSCC Mark has been used by both Plaintiffs since at least 1960.  Compl. ¶

23  13.  Plaintiffs allege that approximately four years ago, Defendants began using the 1938 Mark and

24  ADSCC Mark on the discoveryhomes.com website.  *See id.* ¶¶ 22–23.  The Court finds that this is

25  sufficient to plead priority and continuous use at this stage.  Plaintiffs' complaint sufficiently

26  alleges that they used the unregistered Marks prior to Defendants, and they continue to use the

27  Marks to this day.

1     The Court finds Defendants' arguments to the contrary unpersuasive.

2     First, Defendants argue that, while Plaintiffs have pled the date of first use, they have not

3   pled that this use was continuous.  Mot. 7–8.  While it is true that Plaintiffs do not specifically

4   allege the words "continuous use," the Court will draw all reasonable inferences in the light most

5   favor of Plaintiffs, as it must.  *Retail Prop. Trust*, 768 F.3d at 945.  As such, it can be reasonably

6   inferred in the language "since at least" that Plaintiffs' use of the Marks continues to this day.  *See*

7   Compl. ¶ 13.  At the very least, it can be reasonably inferred that ADSCC Mark is currently in use,

8   as it is currently Plaintiff Seeno Construction's corporate name.

9     Second, Defendants argue that Plaintiffs have failed to plead distinctiveness or secondary

10  meaning.  However, as the Court discussed in the section prior, Defendants have failed to provide

11  the Court any authority to support their argument that pleading inherent distinctiveness or services

12  associated with the Mark are required to plead ownership for purposes of statutory standing.  *See*

13  Mot. 8–10 (citing *Jack Daniel's*, 599 U.S. 140 (no discussion of standing); *Comedy III*, 200 F.3d at

14  594 (same); *Gallo Winery*, 967 F.2d at 1293 (same); *Paul Frank*, 502 F. Supp. 2d at 1098 (same);

15  *Golden Eye Media*, 525 F. Supp. 3d at 1221 (no discussion of standing specifically regarding

16  trademark infringement claim)).

17    Third, Defendants argue that Plaintiffs have failed to plead that the Marks were used in

18  commerce in connection with any particular services.  Mot. 6–7.  However, again here, Defendants

19  have failed to cite any authority to support their argument that alleging use in connection to a

20  particular service is a required component of alleging ownership for statutory standing purposes.

21  *See id.*

22    However inartful, the Court finds that Plaintiffs' pleadings include enough information

23  whereby the Court can reasonably piece together facts to support statutory standing at this stage.

24    **B.    Impermissibly Lumping Together Defendants**

25    Next, Defendants argue that Plaintiffs have impermissibly lumped together all three

26  Defendant companies throughout the complaint, failing to allege conduct attributable to any one

27  Defendant specifically.  Mot. 10–12.

28  Case No.: 5:23-cv-04072-EJD
ORDER GRANTING MOTION TO DISMISS

United States District Court
Northern District of California

---

specify which Defendant they allege infringed on which Mark and how.  For example, Discovery

Realty and Discovery Builders do not appear in any of the social media accounts or their posts.  *See*

*id.* ¶¶ 28–39.  The only companies listed in the accounts and their posts are Seeno Homes and

another company called "Discovery Homes," which is not a defendant in this matter.  *Id.*  The

ADSCC Mark also does not appear in any of the social media accounts.  *Id.*  Yet, Plaintiffs broadly

allege that all Defendants collectively infringed on all three of the Marks on all the social media

accounts.  *Id.*  These general allegations are insufficient to satisfy the pleading requirements

imposed by *Iqbal* and *Twombly*.

Therefore, because the complaint is devoid of facts indicating which Defendant infringed on

which Mark and how, the Court **GRANTS** the motion to dismiss with leave to amend.  *See Lopez*,

203 F.3d at 1127 (finding that the "court should grant leave to amend even if no request to amend

the pleading was made, unless it determines that the pleading could not possibly be cured by the

allegation of other facts") (quotations omitted).

### C.   Failure to State a Claim and Acquiescence

Because the Court grants Defendants' motion to dismiss on the ground that Plaintiffs

impermissibly lumped together all three Defendants throughout the complaint, the Court finds it

unnecessary to address Defendants' remaining arguments regarding failure to state a claim and

acquiescence at this time.

## IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss with leave to

amend.  Plaintiffs may file an amended complaint by March 12, 2024.

**IT IS SO ORDERED.**

Dated: February 20, 2024

EDWARD J. DAVILA
United States District Judge